

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

KALIN SEMRICK, )
)
    Plaintiff, )
) Civil Action No. 1:19-cv-03343 (UNA)
)
)
ANSON HOPKINS, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), which allows for dismissal of a plaintiff's complaint which fails to state a claim upon which relief can be granted or is frivolous or malicious.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The complaint, in its current form, is incomprehensible. Plaintiff sues case administrators employed with the Clerk of this Court. She alleges that defendants [sic] "provided her with paperwork and assistance breaking Rule E.d. of the Pro Se NON-PRISONER Handbook to invalidate paperwork regarding a future complaint an assault by officer and cover-up in Fresno County." She broadly alleges a unintelligible conspiracy against her, requesting "a jury trial, so the facts surrounding malfeasance of Judicial Officers Mark Cullers and Gary Orozco may be

1

heard," and unspecified monetary damages "for many reasons of entanglement." Court staff, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'") (quoting *Barr v. Matteo*, 360 U.S. 564, 569 (1959)); *Hester v. Dickerson*, 576 F. Supp. 2d 60, 62 (D.D.C. 2008) (absolute judicial immunity extends to clerks of the court) (citations omitted). If immunity were not extended to staff performing judicially related tasks, "courts would face the danger that disappointed litigants . . . would vent their wrath on clerks, court reporters, and other judicial adjuncts." *Sindram*, 986 F.2d at 1461 (citations omitted); *see also Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130 (D.D.C. 2007) (holding that a "deputy clerk's alleged refusal to file documents [the] plaintiff submitted" was an action "quintessentially 'judicial' in nature because [it was] an integral part of the judicial process.").

A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981). In addition to failing to state a claim for relief, the instant complaint is frivolous on its face. Consequently, the complaint and this case will be dismissed. A separate order accompanies this memorandum opinion.

Date: Dec. 20, 2019

_____
United States District Judge